Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### Western District of Washington
### NINETH CIRCUIT Division

FILED
LODGED
RECEIVED

MAIL

SEP 15 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ | Case No. **17-CV-1406 RSL** (to be filled in by the Clerk's office) |
| *Plaintiff(s)* (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES AND, DIRECTOR LEON RODRIGUEZ | |
| *Defendant(s)* (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Axel Crespo-Gutierrez (CDOC Tracking No. 137440) |
| Street Address | C.C.C.F., 6564 State Highway 96 |
| City and County | Olney Springs |
| State and Zip Code | Colorado [81062-8700] |
| Telephone Number | N/A |
| E-mail Address | N/A |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES |
| Job or Title *(if known)* | UNKNOWN |
| Street Address | 20 MASSACHUSETTS AVENUE, NW. |
| City and County | WASHINGTON |
| State and Zip Code | DISTRICT OF COLUMBIA 20229 |
| Telephone Number | UNKNOWN |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 2

| | |
|---|---|
| Name | LEON RODRIGUEZ |
| Job or Title *(if known)* | DIRECTOR |
| Street Address | 20 MASSACHUSETTS AVENUE, NW. |
| City and County | WASHINGTON |
| State and Zip Code | DISTRICT OF COLUMBIA 20229 |
| Telephone Number | UNKNOWN |
| E-mail Address *(if known)* | UNKNOWN |

Defendant No. 3

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question           [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Jurisdiction is conferred in whole or in-part through, 5 U.S.C. 702(2); 28 U.S.C. §1332, §1361, §1367 et seq; and possible federal question under 28 U.S.C. §1331 cognizable pursuant to 42 U.S.C. §1983.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Axel Crespo-Gutierrez, is a citizen of the State of *(name)* Colorado.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* LEON RODRIGUEZ, is a citizen of the State of *(name)* Washington. Or is a citizen of *(foreign nation)* District of Columbia.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, (name) __U.S.C.I.S.__, is incorporated under the laws of the State of (name) __Washington__, and has its principal place of business in the State of (name) __Washington__.
Or is incorporated under the laws of (foreign nation) __District of Columbia [?]__, and has its principal place of business in (name) __Washington__.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

Injunctive, Mandamus, and Declaratory relief, plus $4,500,000.00 [+] (Four Million, Five Hundred Thousand) in United States legal tender against the [unknown] Agents. The injuries proximate to the derelict of the defendants, the Plaintiff continues to suffer from the injuries. He is barred from obtaining relief in other personal but legal areas, effecting his life, liberty, and property.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

INITIAL NOTE: The Defendants in this action have failed to perform their investigative duties as to 'Parties of Interest' (hereinafter, POI);
    A. Investigating the family/criminal status of Ana Maria Resendiz Ramirez (#1), Ana L. Antonio Resendiz (#2), Aurora E. Antonio Resendiz (#3) before allowing them to obtain U.S. residency, as Mexico Nationals that gained initial entry through a paid 'Coyote', as an already married woman in Mexico (#1), she was allowed to enter into a sham marriage and cause irreparable harms to Plaintiff as a requisite to obtaining U-Visas for her family.
    SEE ADDITIONAL PAGES,  "SECTION III, Pgs. 4.a - 4.l"

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. The plaintiff in this action requests monetary relief in the sums, as follows; Damages/Restitution in this amount of $75,000. - $1,500,000. to be determined by the court or jury, for each claim (against the [unknown] Agents), there are three claims totaling (approx.) estimated total up to $4,500,00. B. Injunctive Relief, of the judgment in Case No. A#98-082-818. C. Mandamus Relief - Order the appropriate investigation, Nunc Pro Tunc, unrespecting of the Aliens' current achievements and/or status. D. Declaratory Relief - that the unlawful Aliens conferred material false statements and the U.S.CIS failed in their duties to investigate.

Reason For Relief. The injuries proximate to the dereliction of the defendants and/or their employees is causing this Plaintiff to suffer perpetually from the resulting injuries. He is barred from obtaining relief from the results of the material misrepresentations of the three illegal immigrants - rewarding their bad behaviors by giving them U-Visas. The injuries only occurred because these defendants failed to do their investigative duties, effecting and continuing to effect the Plaintiff's life, liberty, and property without due process and equal protections of the law.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/12/2017

Signature of Plaintiff

Printed Name of Plaintiff     Axel Crespo-Gutierrez - (Pro Se)

### B.     For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | N/A |
| Printed Name of Attorney | N/A |
| Bar Number | N/A |
| Name of Law Firm | N/A |
| Street Address | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address | N/A |

## INTRODUCTION.

¶1. Immigration Naturalization Services otherwise known as U.S. Citizenship and Immigration Service (hereinafter, USCIS), is an agency established by the United States of America through the Department of Justice and Homeland Security,[1] charged with the duty of conducting and/or appointing an Agent with the Attorney Generals Office, to examine applications and applicants alike;[2] to determine and/or effectuate legal entry of alien(s) and/or immigrants into the United States[3].

¶2. The duties, procedures, and protocols, of the USCIS is implemented as a front-line protection for all U.S. Citizens from invasion and/or molestation by unauthorized person(s) that would otherwise enter upon the Territories/territories of the United States unlawfully. Therefore, creating a statutory duty to the People/Persons of the United States of America, and specifically to the Plaintiff, who is a United States Citizen organic to the Territory of Puerto Rico.

¶3. The belly of this case stems from the misfeasance of duties by the Defendant regarding three Aliens, organic to the Country of Mexico, Ana Maria Resendiz Ramirez (#1) (31 Yrs. old – in 1999), Ana L. Antonio Resendiz (#2) (15 Yrs. old – in 1999), Aurora E. Antonio Resendiz (#3) (12 Yrs. old – in 1999) (hereinafter, individually referred to as, POI[4] #1 or #2 or #3).

¶4. 8 U.S.C.A. §1446 (a) States, "*Before a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.*" The USCIS failed to investigate POI #1 before allowing her to remain within the United States. If the USCIS performed their investigative duties they would have discovered that POI #1 had a criminal history within the U.S. before applying for and obtaining a visa.[5]

¶5. 8 U.S.C.A. §1182 (a) "*...aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States*": (a)(4), (B-i) States, "*In determining whether an alien is admissible under this paragraph, the consular officer or the Attorney General SHALL AT A MINIMUM consider the alien's-- (Sec. III) "family status*". The USCIS failed to investigate POI #1 before allowing her to remain within the United States. (If the USCIS performed their investigative duties regarding her 'family history', as to POI #1, they would have discovered that she was lawfully married to a Mr. Anselmo Antonio Valdiviezo,[6] within the Yucatan Peninsula, on May 25, 1985.[7] When POI #1 left Mexico, she disappeared from her legally valid husband with her two daughters (POI #2, #3), without *ever* initiating dissolution or divorce proceedings).

---

1 *See* 8 U.S.C.A. §1551.
2 *See* 6 U.S.C.A. §271 (2), (b) (1-5).
3 *See* 8 U.S.C.A §1446 et seq.
4 "Party of Interest".
5 Colorado Bureau of Investigation (CBI) response concerning POI #1, D.O.A.: 02/12/2000; Arrest No.: 200002815; Charge 1 - Assault, Charge 2 – Harassing Communication.
6 Civil Registry - License Number 00325, Book Number 0000348 of the Office 01, in Yucatan Mexico.
7 The significance here was/is that POI #1, represented herself to the USCIS, for visa eligibility proceedings, as the legally married spouse to the Plaintiff, a United States Citizen, and she falsified US records by attesting on them that she was not married in Mexico.

¶6.   As for POI #1; 8 U.S.C.A. §1325 Titled "Improper Entry" §(c) Marriage fraud . *"Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $250,000, or both."* In this instance, POI #1, while already married in Mexico, sought to marry a U.S. Citizen to evade the immigration laws [that made her ineligible because of her initial entry by coyote]; she carried out her plan by duping the Plaintiff into a 'Sham Marriage'.[8] If the USCIS performed their investigative duties they would have prevented this unlawful act.

¶7.   8 U.S.C.A. §1182 Titled; "Inadmissible Aliens." at (9), (B) States, "Aliens Unlawfully Present", *"Any alien (other than an alien lawfully admitted for permanent residence) who--"* (I) *"was unlawfully present in the United States for a period of more than 180 days..."* (II) *"has been unlawfully present in the United States for one year or more... is inadmissible."* The USCIS failed to investigate POI#1, #2, and #3, before allowing them to remain within the United States. If the USCIS performed their investigative duties they would have discovered that *all* of these Aliens, at the time of their initial entry into the United States of America gained *unlawful* entry in 1994, by and through a paid "Coyote". Also known as a 'smuggler'.

¶8.   United States Constitution Amendment XIV Section 1, guarantees all U.S. Citizens the right to equal protection under the laws of the United States; while USCIS is not a State of the Union their Colorado Branch, that recently took a stance as a sanctuary State, is! This Colorado branch ignored their duties under the United States, causing the Plaintiff to incur an injury by their dereliction of duty, and under respondeat superior this Defendant must assume liability for the dereliction of duty.

¶9.   Upon belief, the civil rights aspect of this Claim creates a duty to all interested People/Persons as individual members making up Society for which the U.S. Constitution is applicable. In this case and as applicable solely to the Plaintiff; the Plaintiff was/is a United States Citizen born and raised in the U.S. Territory of Puerto Rico with full entitlement to all the rights delegated by the U.S. Constitution. Not limited to equal protections and due process of the law and to those laws pertaining to immigration subject matter. Which The Congress delegated exclusive authority to the federal government and the USCIS to enforce. Meaning, Society, jointly and severally, are guaranteed to the specific performances outlined in those immigration laws that creates a guarantee, by and between, the People and the United States of America.

¶10.   Further, the USCIS enforces immigration codes and provides policy implemented loop-holes for immigrants that gained initial unauthorized entry, by what appears to be an *exemption clause*, 8 U.S.C.A. §1182 (6) (A)(i) that provides, *"An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."* and Section (ii), (II) *"(a) the alien has been battered or subjected to extreme cruelty by a spouse or parent, or by a member of the spouse's or parent's family residing in the same household as the alien and the spouse or parent consented or acquiesced to such battery or cruelty, or (b) the alien's child has been battered or subjected to extreme cruelty by a spouse or parent of the alien (without the active participation of the alien in the battery or cruelty) or by a member of the spouse's or parent's family residing in the same household as the alien when the spouse or parent consented to or acquiesced in such battery or cruelty and the alien did not actively participate in such battery or cruelty,..."*

---

8   El Paso County, Colorado, Certificate Number C124135, Issue date, September 25, 2000, Recorder Number: 200122904.

This exemption clause was misappropriated by POI #1, #2, and #3, as a means for them to obtain U-Visas. The entire misapplication could have been bypassed if the USCIS performed there statutory duties as prescribed by the cited federal laws.

**FACTS,**

¶11. 5 U.S.C.A. §702 States "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." (*1976 Amendments. Pub.L. 94-574 removed the defense of sovereign immunity as a bar to judicial review of Federal administrative action otherwise subject to judicial review.*) Any sovereign immunity defenses are inapplicable to the USCIS for injunctive, declaratory relief, as sought in this Complaint.

¶12. POI #1, #2, and #3, are immigrants *from* the Country of Mexico, organic to the Yucatan Peninsula.

¶13. POI #s 1, 2, and 3, gained [unlawful] entry into the United State of America, in the year 1994, by and through a paid smuggler, from the Country of Mexico.

¶14. POI #1, before her illegal entry into the United States of America, she was legally married in Mexico to a man by the name of Mr. Anselmo Antonio Valdiviezo. (*See* Exh. B,C)). Mr. Valdiviezo is also the biological father to POI #2, #3. The union between POI #1 and Mr. Valdiviezo was/is documented within the civil registry office in the Yucatan Peninsula of Mexico. There is no existing record(s) of dissolution proceedings/filings between the two before she entered the United States.

¶15. Post illegal entry into the United States by POI #1, #2, and #3; while POI #1 was illegally residing within the State of Colorado, she committed a personal injury crime against her (then) boyfriend. (*See* Exh. F). She was arrested by the Police[9] and subsequently released, as a known *illegal* immigrant. Upon belief, the Sheriff Department contacted the USCIS according to law in February of 2000, instructing the immigration Agency that the Department had in their custody an immigrant unable to prove legal residency, that the Sheriff Department was instructed to release her by the USCIS.

¶16. The Plaintiff had became acquainted with POI #1 in early February 2000, but was not privy to the criminal episode identified above. The Plaintiff also became acquainted with her two daughter POI #2 and #3. The dynamics of this relationship quickly accelerated into a family unit; the [unknowing] contingency of her affections was marriage and immigration visas for her and her two teenage daughters. The promise was a long-term family with additional children, etc.

¶17. The Plaintiff and POI #1, soon thereafter were married in the State of Colorado; the marriage certificate/license was issued on September 25, 2000, and the wedding took place on October 7, 2000. (*See* Exh. A).

¶18. The Plaintiff and POI #1, #2, and #3, entered the INS Office located in Denver Colorado in (approx.) 2001, to begin legal entry processes for the POIs. The initial application required disclosures as to the family/criminal history. POI #1, when asked if she was married in Mexico she

---

9 She was charged and convicted.

answered "NO',[10] when she was asked about her criminal history she denied the existence of any. To begin the immigration process, the Plaintiff;

    **a.** Initially, in 2001, he hired a Paralegal (known as "Camacho") that represented himself as a specialist in immigration paperwork/procedures, etc.; the first set of paperwork took three years and was defective, it all had to be redone.

    **b.** In (approx.) 2004, the second round of paperwork; the agency appointed counsel (Atty. Michael Litman, Bar No.:4855) to perform the intricate filings and procedures according to department protocols. (*The procedures entailed, not limited to, the relinquishment of biological samples and fingerprints for background analysis, etc.*).

¶19. In early to mid 2004, POI #1 and the Plaintiff endured the *first* [intense] interview with USCIS Agents. One of the initial questions was directed to POI #1, requesting information relevant to any previous marriages in Mexico and if she had any criminal history, she stated "NO" to both questions. Upon conclusion of that meeting, we were informed that an additional meeting was to follow; the USCIS had to conduct an investigation of the applicants and the information revealed to them in the interview.

¶20. In late 2004, POI #1 and the Plaintiff endured the *second* [intense] interview with USCIS Agents. Again, the interviewing Agent requested information relevant to POI #1 and any previous marriages in Mexico, and if, POI #1 had any existing criminal history she again stated "NO" to both questions. Upon conclusion of the second meeting we were informed that an additional meeting was to follow; the USCIS had to conduct a further investigation of the applicants and the information revealed in the second interview.

¶21. In late 2004 or early 2005, POI #1, #2, and #3, and the Plaintiff endured the *third* [intense] interview with USCIS Agents. Again, the interviewing Agent requested information relevant to any previous marriages in Mexico and if POI #1 had any existing criminal history, she again stated "NO" to both questions. Upon conclusion of the third meeting we were informed that post an in-depth investigation POI #1, #2, and #3, would be placed upon a waiting list.

¶22. The USCIS, to the Plaintiff's knowledge, failed to inquire into how POI #1, #2, and #3 was able to walk into any immigration office within the United States of America without ever obtaining, *first*, a temporary visa, permit, etc. This would have revealed their initial entry was by a paid smuggler. This negligent inaction that would have prevented the Plaintiff's injuries that were in-part caused by the schemes of these three aliens. According to long existing federal laws these three aliens were ineligible for any type of visas from the moment they entered the United States of America illegally.

¶23. In May of 2006, the immigration Agency scheduled a hearing for the Granting of Visas for POI #1, #2, and #3; the Plaintiff was unable to make the hearing because of his work situation. It was because of the Sponsor/Plaintiff's failure to be present at that hearing, the court failed to issue the visas to POI #1, #2, and #3. The hearing was then rescheduled for June 14, 2006.

¶24. POI #1, #2, and #3, in early June of 2006, POI #1 began complaining about the length of time her and her daughters was on the citizenship waiting list; she became upset because they would have had the visas if the Plaintiff was present at the initial hearing. She then proceeded to make

---

10 This pattern of material misrepresentations is supported by the same lies being told by Def. #1 in our divorce proceedings (Case No. 07DR1596) by Attorney Cullen A. Wheelock (#9536). (*See* Exh. E)

venomous comments, then she went on to allege to the Plaintiff, she was also married in Mexico. (*At this time the Plaintiff was unsure if the statements made were true or false, as it came from an angry woman; confirmation of this information was unattainable because the Plaintiff was arrested shortly thereafter*).

¶25. The Plaintiff informed POI #1, that he intended to obtain a dissolution of their marriage, he then moved into the basement of their home (*with instructions to POI #1,#2, and #3 to stay out of the basement*), due to his finances. POI #1 immediately, unknowing to the Plaintiff, had began making false claims to T.E.S.S.A.[11] a few months before the USCIS hearing, alleging that the Plaintiff had abused her daughters. (*There was no follow-up complaints to any law enforcement or other policing authority, giving the appearance that POI #1 was creating a contingency plan founded on the Plaintiff's fictitious behavior*).

¶26. At the June 14, 2006, hearing the Plaintiff rescinded his sponsorship of POI #1, #2, #3. In addition, at the hearing, the Chief Counsel for the United States also informed the court that POI #1 had lied about her criminal history as an additional reason why she should not be issued a visa. It was at that time, POI #1 openly and falsely alleged to the court that the Plaintiff/Sponsor had molested her two daughters. The judge informed her that the court was not a criminal court, she needed to make her allegation to the appropriate authorities. The court rescheduled the hearing for November 15, 2006, then recessed. Upon belief, so that POI #1, #2, and #3, could make their official complaint to the appropriate policing authorities. (*On the same day, POI #1, #2, and #3, did just that, they made their [false] reports and had the Plaintiff arrested, prosecuted, and innocently convicted.*[12])

¶27. After the November 15, 2006 hearing, POI #1, #2, and #3 by making their [false] criminal complaint/allegations, the USCIS issued *all* three of them a "U-Visa", placing them under the 'Ineligible Alien Exemption Clause'. (Point 10, supra). (*The actual case possessed no material proof it was predicated upon the acting skills of these three complainants*). See "Immigration judge (IJ) had jurisdiction to waive inadmissibility of U Visa applicants." **L.D.G. v. Holder,** C.A.7 2014, 744 F.3d 1022.

¶28. Proximate to the false allegation from POI #1, #2, and #3; the (now) Plaintiff informed the trial court, defense counsel, and the District Attorney, that the POIs were making up the allegations to obtain U-Visas, as a move of desperation, from the Plaintiff's rescinding his sponsorship. That the rescinding of sponsorship came from POI #1's venomous allegation of a sham marriage. None of the officials took the Plaintiff's claim serious, in fact, the court disregarded the claim because the POIs possessed a legally valid State of Colorado marriage license.

¶29. The Plaintiff, discovered in March 27, 2014, via Civil Registry located in the Yucatan Peninsula, that POI #1 was legally married in Mexico before, during, and after the time she entered the United States of America and married the Plaintiff. The Plaintiff purchased a duplicate certificate from the Civil Registry. (*See* Exh. B,C). Upon discovery the Plaintiff filed a federal action within the U.S. District Court in Nevada, Case No.; 14-cv-00175-GMN-CWH, because the POIs were presiding within Nevada at that time.[13]

---

11  Document: Intake Summary for T.E.S.S.A., dated January 24, 2006, Advocate: Connie M. Brian. (*See* Exh. D)
12  D0212006CR002912 – El Paso County District Court, Colorado.
13  That case was dismissed because the defendants were using alias's to mask their identities and could not be located; service was unable to be effectuated. Between the discovery and dismissal, ***due to unforeseeable acts by the Defendants, the time that elapsed was approximately 1-1 ½ years, making this action timely.*** (*See* Exh. G)

¶30. If the USCIS performed their investigative duties, on POI #1, post either the first, second, or third interview, they would have discovered that this POI had falsified official documents and lied in official proceedings, as to her family history and criminal background. They would have discovered that the Plaintiff had been duped into a sham marriage. And, the probability, that the POIs conjured up the story of abuse by a U.S. Citizen, was simply to maximize their issuance of a visa to remain in the United States of America. The Plaintiff suffered from these POIs and the failures of the USCIS' derelict of duty, the preventative measures intended by The Congress on this issue was ignored by this Defendant. If they did their duties the Plaintiff would have been saved from the maliciously made false claims of these three desperate aliens that were otherwise ineligible for citizenship.

¶31. It was because of USCIS' derelict of duty[14], the Plaintiff was falsely accused and innocently convicted. The USCIS was commissioned by The Congress of the United States of America to perform their duties of investigating and preventing criminals from entering U.S. Territory/Territories and molesting the Citizens. The Plaintiff was injured and continues to be injured as a result of their failures.

**CLAIM #1.** <u>U.S. Constitution Amendment XIV – Procedural and Substantive Due Process.</u>

¶32. The Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. This Claim is solely against the USCIS et al.; the Agency and its Agents are contractually bound through their oath of office's to protect and uphold the principals of the Constitution of the United States of America and the laws of the federal government. The United State Constitution defines and embraces the rights of a U.S. Citizen for which all federal laws are molded and that the USCIS is charged with enforcing.

¶33. Upon belief, the USCIS was knowledgeable that POI #1 was married in Mexico and duly but unlawfully married to the [unknowing] Plaintiff in the State of Colorado. The Agents intentionally omitted these facts from the files being considered for immigration status. The omissions caused irreparable harms to the Plaintiff. Proximately, he was falsely accused of misconduct by the POIs, *after* he rescinded his sponsorship, as a result of the Agency's dereliction of investigative duties. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

¶34. Upon belief, the USCIS was knowledgeable that POI #1 #2, and #3, had entered the U.S. illegally. The Agents intentionally omitted this facts from the files being considered for immigration status. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

¶35. Upon belief, the USCIS was knowledgeable that POI #1 had a pre-existing criminal history in the State of Colorado. The Agents intentionally omitted this facts from the files being considered for immigration status. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

---

14 10 U.S.C.A. §982 (1) Provides, "Any person subject to this chapter who--(1) violates or fails to obey any lawful general order or regulation; (3) is derelict in the performance of his duties;

¶36. The Plaintiff was/is entitled to due process and the full effect of the laws, procedures, and protocols governing citizenship admission proceedings. The duties of the USCIS was complete by the binding through the contractual obligation, when the Plaintiff as the Sponsor of the POIs, began immigration proceedings, etc.

¶37. The USCIS never inquired into how three Aliens were able to walk into the insular office in Denver Colorado, INS Agency, without ever being authorized to step foot onto the interior of the United States of America.

¶38. USCIS' conduct violated the Plaintiff's clearly established procedural rights, protections, to which a reasonable immigration corporation knew or should have known. As a proximate result he had his unalienable right to liberty restrained by and through a scheme by the POIs that were ineligible ab initio.

¶39. The Plaintiff continues to endure the proximate result of the USCIS' failure to perform their duties as prescribed by law.

¶40. The law bars any Alien that entered into the United States by a paid "smuggler" or "coyote" from obtaining legal status, let alone, from receiving one, two, or three, independent interrogations/interviews for visas. At no time, during the proceedings, was this fact a concern for the USCIS.

¶41. The law requires a prerequisite investigation into an applicants statements for truth and validity, regarding the applicant's "family history", post the initial interview, post the second interview, and post the third interview. The USCIS failed to perform this investigative duty pertaining to POI #1, #2, #3, between the years 2001 – 2006, and to the current day.

¶42. The USCIS intentionally, knowingly, and recklessly failed to investigate either, POI #1, #2, and/or #3's, background in Mexico or while they were illegally within in the United States of America.

¶43. The USCIS' legal requirement omits any official discretion concerning there investigative duties, they were bound by law to arrest and detain *all* three of the POIs and begin deportation proceedings. Immediately!

¶44. If this Defendant performed their statutory duties they would have discovered the ineligibility of each of these POIs *ab initio,* long before they had the ability to conjure up and execute their devious scheme against the Plaintiff. The false allegations would never have been made.

¶45. The USCIS acted willfully and wantonly by unlawfully ignoring or not investigating POIs #1, #2, and/or #3. As a result, the Plaintiff has been made to suffer for long years; the proximate result is that the Plaintiff, because of his discovery of POI #1 *legal* marriage *in* Mexico and rescinding his sponsorship, making them otherwise ineligible, he has been imprisoned at the hands of the Three POIs' false statements, so they could become eligible by claiming abuse from a U.S. Citizen.

¶46. The USCIS allowed for POI #1, #2, and #3 to receive and obtain lawful status in the United States of America, predicated upon fraudulent misrepresentations, a sham marriage, and false claims of abuse by the Plaintiff, etc., via U-Visas.

¶47.   The laws of the United States and protocols concerning immigration processes are for the protection of society and those individuals making up society, as is the Plaintiff. He is guaranteed the due process of the laws, a guarantee that was deprived to him by this Defendant and unknown Parties.

¶48.   The Plaintiff requests, 1)   *Injunctive Relief*, of the judgment in Case No. A#98-082-818, pending a proper review of the facts nunc pro tunc, in the case concerning the U-Visas issued to POI #1, #2, and #3; unsuspectingly to their current circumstances; 2)   *Mandamus Relief*, requiring the USCIS to conduct the appropriate investigation on POI #1, #2, and #3, nunc pro tunc for initial visa/entry eligibility, and adjust their immigration status accordingly; 3)   *Declaratory Relief*, as to findings for truthfulness of POI #1, #2, and #3 on their U.S. applications while attempting to qualify for a general visa, i.e. did one or all of them falsify the official documents or intentionally omit pertinent information from their general visa applications; did they make material false statements to obtain U-Visas, when compared to the official facts;   4)   *Declaratory Relief*, did the USCIS fail to perform their statutory duties as prescribed by law pertaining to investigations and POI #1, #2, and #3;   5)   an Official Finding of Fact, by the trier, as to the complete set of facts concerning the Plaintiff, POI #1, #2, and #3, and the USCIS '*what they did*' vs '*what they should have done*';   6) *Damages/Restitution* in this amount of $75,000. - $1,500,000. to be determined by the court or jury, for this claim against the [unknown] Agents.

**CLAIM #2.** U.S. Constitution Amendment V – Procedural and Substantive Due Process.

¶49.   The Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. This Claim is solely against the USCIS et al.; the Agency and its Agents are contractually bound through their oath of office's to protect and uphold the principals of the Constitution of the United States of America and the laws of the federal government. The United State Constitution defines and embraces the rights of a U.S. Citizen for which all federal laws are molded and that the USCIS is charged with enforcing.

¶50.   Upon belief, the USCIS was at all times knowledgeable that POI #1 was married in Mexico and dually but unlawfully married to the [unknowing] Plaintiff in the State of Colorado. The Agents intentionally omitted these facts from the files being considered for immigration status. The omissions caused irreparable harms to the Plaintiff. Proximately, he was falsely accused of misconduct by the POIs, *after* he rescinded his sponsorship, as a result of the Agency's dereliction of investigative duties. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

¶51.   Upon belief, the USCIS was knowledgeable that POI #1 #2, and #3, had entered the U.S. illegally. The Agents intentionally omitted this facts from the files being considered for immigration status. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

¶52.   Upon belief, the USCIS was knowledgeable that POI #1 had a pre-existing criminal history in the State of Colorado. The Agents intentionally omitted this facts from the files being considered for immigration status. Interim, depriving the Plaintiff to the due process and equal protections of the laws.

¶53. The Plaintiff was/is entitled to due process and the full effect of the laws, procedures, and protocols governing citizenship admission proceedings. The duties of the USCIS was complete by the binding through the contractual obligation, when the Plaintiff as the Sponsor of the POIs, began immigration proceedings, etc.

¶54. The USCIS *never* inquired into how three Aliens were able to walk into the insular office in Denver Colorado, INS Agency, without ever being authorized to step foot onto the interior of the United States of America.

¶55. USCIS' conduct violated the Plaintiff's clearly established procedural rights, protections, to which a reasonable immigration corporation knew or should have known. As a proximate result he had his unalienable right to liberty restrained by and through a scheme by the POIs that were ineligible ab initio.

¶56. The Plaintiff continues to endure the proximate result of the USCIS' failure to perform their duties as prescribed by law.

¶57. The law bars any Alien that entered into the United States by a paid "smuggler" or "coyote" from obtaining legal status, let alone, from receiving one, two, or three, independent interrogations/interviews for visas. At no time, during the proceedings, was this fact a concern for the USCIS.

¶58. The law mandates, a prerequisite investigation by the USCIS, into all of the applicants statements for truthfulness and validity, specifically to an applicant's "family history"; *post* the initial interview, *then* post the second interview, and *again* post the third interview. The USCIS failed to perform this investigative duty pertaining to POI #1, #2, #3, between the years 2001 – 2006, and to the current day. Depriving the Plaintiff to the due process of and equal protection of the law.

¶59. The USCIS intentionally, knowingly, and recklessly failed to investigate either, POI #1, #2, and/or #3's, background in Mexico or while they were illegally within in the United States of America.

¶60. The USCIS' legal requirement omits any official discretion concerning there investigative duties, they were bound by law to arrest and detain *all* three of the POIs and begin deportation proceedings. Immediately!

¶61. The USCIS knew that the POIs falsified and omitted material facts on official U.S. documents/applications, facts *absolutely* preventative of visa approval. It was only upon the Plaintiff rescinding his sponsorship did the U.S. Attorney mention POI #1' criminal record; that then conceived the motive and legal opportunity for qualification under the exemption clause. (*Collectively, this was the only reason for the false allegations by the POIs, they claim abuse, so they could still qualify for U-Visas and remain in the United States of America*).

¶62. If this Defendant performed their statutory duties they would have discovered the ineligibility of each of these POIs *ab initio,* long before they had the ability to conjure up and execute their devious scheme against the Plaintiff. The false allegations would never have been made.

¶63. The USCIS acted willfully and wantonly by unlawfully ignoring or not investigating POIs #1, #2, and/or #3. As a result, the Plaintiff has been made to suffer for long years; the proximate result is that the Plaintiff, because of his discovery of POI #1 *legal* marriage *in* Mexico and rescinding his sponsorship, making them otherwise ineligible, he has been imprisoned at the hands of the Three POIs' false statements, so they could become eligible by claiming abuse from a U.S. Citizen.

¶64. The USCIS allowed for POI #1, #2, and #3 to receive and obtain lawful status in the United States of America, predicated upon fraudulent misrepresentations, a sham marriage, and false claims of abuse by the Plaintiff, etc., *via* U-Visas.

¶65. The laws of the United States and protocols concerning immigration processes are for the protection of society and those individuals making up society, as is the Plaintiff. He is guaranteed the due process of the laws, a guarantee that was deprived to him by this Defendant and unknown Parties.

¶66. The Plaintiff requests, 1) *Injunctive Relief*, of the judgment in Case No. A#98-082-818, pending a proper review of the facts nunc pro tunc, in the case concerning the U-Visas issued to POI #1, #2, and #3; unsuspectingly to their current circumstances; 2) *Mandamus Relief*, requiring the USCIS to conduct the appropriate investigation on POI #1, #2, and #3, nunc pro tunc for initial visa/entry eligibility, and adjust their immigration status accordingly; 3) *Declaratory Relief*, as to findings for truthfulness of POI #1, #2, and #3 on their U.S. applications while attempting to qualify for a general visa, i.e. did one or all of them falsify the official documents or intentionally omit pertinent information from their general visa applications; did they make material false statements to obtain U-Visas, when compared to the official facts; 4) *Declaratory Relief*, did the USCIS fail to perform their statutory duties as prescribed by law pertaining to investigations and POI #1, #2, and #3; 5) an Official Finding of Fact, by the trier, as to the complete set of facts concerning the Plaintiff, POI #1, #2, and #3, and the USCIS *'what they did'* vs *'what they should have done'*; 6) *Damages/Restitution* in this amount of $75,000. - $1,500,000. to be determined by the court or jury, for this claim against the [unknown] Agents.

**CLAIM #3.   DERELICTION OF DUTY.**

¶67. The Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. This Claim is solely against the USCIS et al. and unknown Agents employed therewith; the Agency and its Agents are contractually bound through their oath of office's to protect and uphold the principals of the Constitution of the United States of America and the laws of the federal government. The United State Constitution defines and embraces the rights of a U.S. Citizen for which all federal laws are molded and that the USCIS is charged with enforcing.

¶68. The USCIS and other immigration Agents/Official 'failed to verify', POI #1, #2, and #3', initial entry into the United States of America 'was lawful', before proceeding with an immigration application and other related subject matters.

¶69. The USCIS and other immigration Agents/Official ignored the fact that [three] illegal Aliens walked right into a Denver Colorado INS Office without producing any type of temporary visa, permit, etc. No initial inquiries were made concerning how they arrived in the United States of America. There was *no* detainment of them, and, they were allowed to walk right out of the

INS/USCIS Office and into the insular territories of the state of Colorado and into Society without restraint. (*They should never have been able to enter Society especially without knowing who they were, their purpose for being here, and under what authority they made it to Denver Colorado; the truth of this information could only come from a thorough investigation. That never took place!*).

¶70. Upon belief, post the *initial* interview with the USCIS, in 2001; the USCIS and other immigration/Official Agents failed to investigate POI #1, #2, and #3' "family history" in Mexico as prescribed by law, before allowing them to proceed to a subsequent interview. (*The fact is they explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., they also omitted material facts*).

¶71. Upon belief, post the *initial* interview with the USCIS, in 2001, the USCIS and other immigration/Official Agents failed to investigate POI #1' "criminal history" in Mexico and in the Union States as prescribed by law, before allowing her to proceed to a subsequent interview. (*The fact is she explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., she also omitted material facts*).

¶72. Upon belief, post the *second* interview with the USCIS, in 2004, the USCIS and other immigration/Official Agents failed to investigate POI #1, #2, and #3' "family history" in Mexico as prescribed by law, before allowing them to proceed to a subsequent interview. (*The fact is they explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., they also omitted material facts*).

¶73. Upon belief, post the *second* interview with the USCIS, in 2004, the USCIS and other immigration/Official Agents failed to investigate POI #1' "criminal history" in Mexico and in the Union States as prescribed by law, before allowing her to proceed to a subsequent interview. (*The fact is she explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., she also omitted material facts*).

¶74. Upon belief, post the *third* interview with the USCIS in 2005, the USCIS and other immigration/Official Agents failed to investigate POI #1, #2, and #3' "family history" in Mexico as prescribed by law, before allowing them to proceed to a subsequent interview. (*The fact is they explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., they also omitted material facts*).

¶75. Upon belief, post the *third* interview with the USCIS in 2005, the USCIS and other immigration/Official Agents failed to investigate POI #1' "criminal history" in Mexico and in the Union States as prescribed by law, before allowing her to proceed to a subsequent interview. (*The fact is she explicitly lied to immigration Officers, falsified affidavits, documents, application, etc., she also omitted material facts*).

¶76. Post discovery of POI #1' criminal record and omissions, asserted at the June 14, 2006 hearing by the U.S. Attorney, in for the USCIS, they failed to reassess and/or invalidate the misrepresented/fraudulent applications of POI #1, #2, and #3, for truthfulness of any other misstatements of facts, Nor did the U.S. Attorney/USCIS begin deportation proceedings, as prescribed by law.

¶77. The USCIS intentionally, knowingly, and recklessly failed to investigate either, POI #1, #2, and/or #3's, background in Mexico and while they were illegally in the Union States/United states of America. *(The function of a proper investigation is to protect Citizens from all sorts of machinations of trespassing Persons. In this case, the USCIS failed and injured the Plaintiff as the proximate result).*

¶78. Upon belief, the USCIS was knowledgeable that POI #1 was married in Mexico, that POI #1, #2, and #3, had entered the U.S. illegally, and that POI #1 had a pre-existing criminal history in the State of Colorado. That the Agents intentionally omitted these facts from the files being considered for immigration status[15]. The omissions caused irreparable harms to the Plaintiff that was subsequently accused of misconduct by the POIs *after* he rescinded his sponsorship, as a proximate result of the Agency's dereliction of duty.

¶79. The USCIS acted willfully and wantonly by unlawfully ignoring or not investigating POIs #1, #2, and/or #3. As a result, the Plaintiff has been made to suffer for long years; the proximate result is that the Plaintiff because of his discovery of POI #1 *legal* marriage *in* Mexico and the Plaintiff's rescinding his sponsorship, making them otherwise ineligible, he has been imprisoned at the hands of the three POIs' false statements. So they could become eligible by claiming abuse from a U.S. Citizen.

¶80. The USCIS allowed for POI #1, #2, and #3, to receive and obtain lawful status through their misrepresentations and false claims, in the United States of America. That status ultimately came by way of U-Visas.

¶81. The Plaintiff continues to endure injuries of the USCIS' failure to perform their duties as prescribed by law.

¶82. The laws of the United States and protocols concerning immigration processes are for the protection of society and those individuals making up society, as is the Plaintiff. He is guaranteed the due process of the laws, a guarantee that was deprived to him by this Defendant and unknown Parties.

¶83. The Plaintiff requests, 1) *Injunctive Relief,* of the judgment in Case No. A#98-082-818, pending a proper review of the facts nunc pro tunc, in the case concerning the U-Visas issued to POI #1, #2, and #3; unsuspectingly to their current circumstances; 2) *Mandamus Relief,* requiring the USCIS to conduct the appropriate investigation on POI #1, #2, and #3, nunc pro tunc for initial visa/entry eligibility, and adjust their immigration status accordingly; 3) *Declaratory Relief,* as to findings for truthfulness of POI #1, #2, and #3 on their U.S. applications while attempting to qualify for a general visa, i.e. did one or all of them falsify the official documents or intentionally omit pertinent information from their general visa applications; did they make material false statements to obtain U-Visas, when compared to the official facts; 4) *Declaratory Relief,* did the USCIS fail to perform their statutory duties as prescribed by law pertaining to investigations and POI #1, #2, and #3; 5) an Official Finding of Fact, by the trier, as to the complete set of facts concerning the Plaintiff, POI #1, #2, and #3, and the USCIS '*what they did*' vs '*what they should have done*'; 6) *Damages/Restitution* in this amount of $75,000. - $1,500,000. to be determined by the court or jury, for this claim against the [unknown] Agents.

---

15 Just like the USCIS failed to detain the POIs the moment they failed to produce any sort of official documentation, allowing them to walk into the Denver Colorado Office, they ignored the infractions that required them to deem these aliens inadmissible pursuant to law. This is also identified as Gross Negligence.




