UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>　　　　　Defendants. | Case No. C17-1406RSL<br><br>ORDER |

This matter comes before the Court on plaintiff's service-related motion, Dkt. # 12, and motion for default, Dkt. # 13. Plaintiff is proceeding *pro se* and *in forma pauperis*, and the Court previously issued an order directing service on plaintiff's behalf. Dkt. #6; see 28 U.S.C. § 1915(d) (providing that "the officers of the court shall issue and serve all process" on IFP plaintiff's request); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis . . . .").

Copies of the summons and complaint were served on defendants U.S. Citizenship and Immigration Services (USCIS), Dkt. # 10, and its director Leon Rodriguez, Dkt. # 9. To ensure compliance with Federal Civil Rule 4, copies have also been sent by certified mail to the civil-process clerk at the office of the United States Attorney for the Western District of Washington, Dkt. # 16, and to the office of the United States Attorney General, Dkt. # 15.

ORDER - 1

1      Plaintiff appears to move for proof of service on the agency and director, <u>see</u> Dkt. # 12,
2 but service by a United States marshal need not be proved by affidavit, Fed. R. Civ. P. 4(l)(1),
3 and that request is accordingly denied. Plaintiff expresses concern that his complaint risks being
4 dismissed for failure to perfect service. Dkt. # 12. IFP plaintiffs enjoy leeway in perfecting
5 service because they rely on the Court to do so. <u>See</u> <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th
6 Cir. 1990). In addition, the Court may for good cause extend the deadline for service. Fed. R.
7 Civ. P. 4(m). For that reason, the Court will extend plaintiff's service deadline in this case until
8 ninety (90) days from the date of this order.

9      Defendant also seeks an entry of default against USCIS and Director Rodriguez. Dkt. #
10 13. It is uncertain whether service has been perfected on the federal defendants, and for that
11 reason plaintiff's motion for entry of default is denied without prejudice.

12      For the foregoing reasons, the Court ORDERS as follows:

13      (1)    Plaintiff's request for proof of service, Dkt. # 12, is DENIED;

14      (2)    Plaintiff's motion for entry of default, Dkt. # 13, is DENIED without prejudice;

15      (3)    The time for service is extended until ninety (90) days from the date of this order
16 as provided by Rule 4(m) of the Federal Rules of Civil Procedure;

17      (4)    Within **sixty (60) days** after service, defendant(s) United States, United States
18 Agencies, and/or United States Officers shall file and serve an answer or a motion directed to
19 the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

20      (5)    The Clerk is directed to send copies of this order to plaintiff and to the office of
21 the United States Attorney for the Western District of Washington.

22      DATED this 8th day of February, 2018.

                                                                            Robert S. Lasnik
                                                                            United States District Judge