UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>    Defendant. | Case No. C17-1406RSL<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendants' "Motion to Dismiss," Dkt. # 25, and plaintiff's "Motion for Summary Judgment," Dkt. # 27. The Court has reviewed the motions, the parties' memoranda, and the remainder of the record. For the following reasons, defendants' motion is GRANTED, and plaintiff's motion is DENIED.

## I. BACKGROUND

Plaintiff Axel Crespo-Gutierrez is a prisoner in the custody of the Colorado Department of Corrections. His complaint appears to allege the following sequence of events: Plaintiff married a woman named Ana who had come to the United States illegally with her two daughters. Plaintiff began participating in a process to adjust their legal status until Ana revealed she was already married to a man in Mexico. Plaintiff stopped participating in the process and moved to dissolve the marriage. Ana reported to authorities that plaintiff had been sexually abusing her two daughters—an allegation he alleges was false. He was nonetheless convicted and sent to prison for the abuse. She and her daughters meanwhile were issued "U-Visas,"

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION FOR SUMMARY JUDGMENT - 1

which are nonimmigrant visas considered for persons who are victims of certain criminal abuse or who meaningfully cooperate with law enforcement. See 8 U.S.C. § 1101(a)(15)(U)(i); 8 C.F.R. § 214.14(a)(9), (b).

Plaintiff filed this complaint against the U.S. Citizenship and Immigration Services ("USCIS") and the agency's Director, Francis Cissna, essentially claiming that had defendants not been derelict in their duties, USCIS would have discovered Ana's previous marriage and other alleged wrongdoing, which would have somehow saved plaintiff from her false accusations. He asserts violations of his rights to substantive and procedural due process under the Fifth and Fourteenth Amendments, and he asserts a third claim of "Dereliction of Duty." Dkt. # 4. As part of his claims, he invokes various immigration provisions that defendants allegedly failed to enforce. He seeks relief in the form of an injunction or mandamus ordering defendants to investigate and revoke the visas of Ana and her daughters. He also seeks a declaratory judgment finding that the visas were fraudulently obtained and that USCIS failed to perform its statutory duties. Defendants move to dismiss the claims for lack of standing, improper venue, and failure to assert a waiver of sovereign immunity.

## II. DISCUSSION

The Court concludes plaintiff lacks standing to bring these claims.[1] The requirement that a plaintiff have standing to sue proceeds from Article III of the Constitution and the condition that a "case or controversy" must exist in order to invoke a federal court's jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). To establish standing, a plaintiff must show (1) a concrete injury that is actual or imminent and not hypothetical; (2) fairly traceable to the defendant's allegedly wrongful conduct; (3) that is likely to be redressed by a favorable decision. Id.

Plaintiff lacks standing because his complaint does not assert an injury that is fairly traceable to the defendants' allegedly wrongful conduct or that is likely to be redressed by a

---

[1] Because the Court concludes plaintiff lacks standing, the Court need not address defendants' other grounds for dismissal.

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION FOR SUMMARY JUDGMENT - 2

favorable decision.[2] See id. Plaintiff's alleged injury is his purportedly wrongful conviction. As a threshold matter, plaintiff's complaint in this Court is not an appropriate vehicle for collaterally attacking his state conviction. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). Even if it were, nothing suggests his alleged injury was caused by defendants' conduct. He also fails to sufficiently allege that the relief he seeks could redress that injury. Even were USCIS to revoke the visas, it would not plausibly affect his conviction. He claims USCIS would uncover fraud by Ana in the visa process, which would somehow enable him to successfully challenge his conviction. That is far too speculative to establish standing. See Lujan, 504 U.S. at 561.

Plaintiff also filed a motion for summary judgment. Dkt. # 27. For the reasons explained above, summary judgment for plaintiff is not warranted.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment, Dkt. # 27, is DENIED, and defendants' motion to dismiss, Dkt. # 25, is GRANTED.

The Clerk of Court is hereby ORDERED to dismiss the case without prejudice.

DATED this 5th day of September, 2018.

Robert S. Lasnik
United States District Judge

---

[2] Plaintiff's complaint is also flawed insofar as it seeks to enforce the federal statutes he invokes against defendants. He has not demonstrated that any of those provisions creates a private cause of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 287 (2002).

ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION FOR SUMMARY JUDGMENT - 3